UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AYERS BASEMENT SYSTEMS, LLC,
a Michgan Limited Liabilty Company          **Case No.**

                Plaintiffs,          **HON.**

v.
                Lower Court Case No. 18-511-CB

STAYDRY BASEMENT WATERPROOFING          Hon. Joyce Draganchuk
INC. a Michigan Corporation and
DAVID KUZAVA and TALAL BADRA

                Defendants.

| | |
|---|---|
| **Michael Matheson (P52997)**<br>**Matheson Law Firm**<br>Attorneys for Plaintiff<br>200 Woodland Pass, Suite F<br>East Lansing MI 48823<br>(517) 993-6699 | Anthony J. Szilagyi (P56473)<br>**The Law Offices of Anthony J. Szilagyi, PLLC**<br>Attorney for Defendant StayDry Basement<br>Waterproofing Inc.<br>4600 N. Grand River Ave., Suite F.<br>Lansing, MI 48906<br>(517) 4493240<br>szilagyilaw@sbcglobal.net |

### STAYDRY BASEMENT WATERPROOFING INC. NOTICE OF REMOVAL

Defendant, StayDry Basement Waterproofing Inc., by and through their attorneys, the Law Offices of Anthony J. Szilagyi, PLLC, and with the consent of all Defendants, for their Notice of Removal pursuant to 15 USC Section 4, and under 28 USC sections 131 and 1337 as well as under Section 1 of the Sherman Act, 15 USC section 1, state as follows:

1. This matter was initially filed on August 3, 2018, in the State of Michigan, Ingham 30th County Circuit Court and captioned as: *Ayers Basement Systems, LLC v StayDry Basement Waterproofing, Inc., David Kuzava, and Talal Badra*, Case No. 18-511-CB (the "State Action").

2. The Plaintiff asserts a breach of contract claim against Defendant StayDry for violation of an agreement entered into between Plaintiff and Defendant StayDry.

3. Plaintiff Ayers Basement and Defendant StayDry are both in the highly competitive business of installing and servicing basement waterproofing systems and sump pumps, performing crawlspace and foundation repairs, and mold control and are competitors. Plaintiff Ayers and Defendant StayDry are also the two largest basement waterproofing companies in the State of Michigan.

4. The projects and work performed by Plaintiff and Defendant StayDry cross state lines and both parties engage in interstate commerce.

5. On November 22, 2013, Ayers and Stay Dry, entered into a Settlement and Mutual Release Agreement ("Settlement Agreement") in Ayers Basement Systems v Stay Dry Basement Waterproofing Inc., et al (Ingham County Circuit Court, Case No. 12-953-CK). See, Exhibit 1.

6. In relevant part, the Settlement Agreement states as follows:

   Neither Stay Dry nor Ayers shall employ, or solicit to employ, any current or former employee of Ayers or Stay Dry who is subject to a non-competition agreement with either Ayers or Stay Dry.
   Id., Paragraph 1.a

7. In the complaint filed against Defendant StayDry, Plaintiff alleges that Defendant StayDry has breached the settlement Agreement and as a result of this breach Plaintiff alleges damages in excess of $25,000.

8. At the time that the agreement was entered into Plaintiff's attorney Michael Matheson was representing Plaintiff in the prior action and was the drafter of the agreement on behalf of Plaintiff.

9. The action presently filed against Defendant StayDry is seeking to enforce this agreement that under Section 1 of the Sherman Act, 15 USC section 1 is an unlawful agreement to restrain competition in the labor market interferes with interstate commerce. This is support by the Department of Justice position taken against such agreements. On April 3, 2018, the Antitrust Division filed a civil antitrust lawsuit against Knorr-Bremse AG and Westinghouse Air Brake Technologies Corp. ("Wabtec") regarding anti poaching agreements similar to the one Plaintiff seeks to enforce against Defendant StayDry.

10. Plaintiff and Defendant StayDry are each other's top competitors as set forth above. They also compete with each other to attract, hire, and retain various skilled employees, including sales executives, salesman, business heads, and corporate officers.

11. The unlawful agreement which Plaintiff seeks to assert against Defendant StayDry promises and commits not to solicit, recruit, hire, or otherwise compete for employees (no poach agreement). The no poach agreement was not reasonably necessary to any separate, legitimate business transaction or collaboration between the companies. Plaintiff for several years monitored and forced through high level company executives this no poach agreement which had the effect of unlawfully allocating employees between companies, resulting in harm to not only Defendant StayDry but also US workers and consumers.

12. By attempting to enforce this no poach agreement Plaintiff substantially reduced competition for employees to the detriment of Defendant StayDry and workers in this important US industry. This no poach agreement denied Defendant StayDry and industry workers access to better job opportunities, restricted their mobility, and deprive them of competitively significant information that they could have used to negotiate for better terms of employment. Moreover,

        this no poach agreement disrupted the efficient allocation of labor that comes from competing for this industries employees.

13. This court has subject matter jurisdiction under section 4 of the Sherman act, 15 USC section 4, and under 28 USC section 1331 and 1337, to prevent and restrain Plaintiff from violating section 1 of the Sherman act, 15 USC section 1.

14. Defendant StayDry competes with Plaintiff to attract, hire, and retain skilled employees by offering attractive salaries, benefits, training, advancement opportunities, and other terms of employment.

15. There is high demand for a limited supply of skilled employees who have industry experience. As a result, companies such as Defendant StayDry can experience vacancies in critical roles for months while they try to recruit and hire an individual with the requisite skills, training, and experience for a job opening. Employees of other companies within the industry are key sources of potential talent to fill these openings.

16. Companies in the waterproofing industry employ a variety of recruiting techniques, including using internal and external recruiters to identify, solicit, recruit and otherwise help higher potential employees.  Defendant StayDry also receives direct applications from individuals interested and potential employment opportunities.  Direct soliciting employees from other companies in the industry is a particularly efficient and effective method of competing for qualified employees.  Soliciting involves communicating directly whether by phone, email, social and electronic networking, or in person with persons who have not otherwise applied for a job opening. Such direct solicitation can be performed by individuals of the company seeking to fill the position or by outside recruiters retained to identify potential employees on the company's behalf.

17. In a competitive labor market, waterproofing companies compete with one another to attract highly skilled talent for their employment needs. This competition benefits employees and customers alike because it increases the available job opportunities that employees learn about. It also improves an employee's ability to negotiate for better salary the terms of employment. Plaintiff's attempt to enforce a no poach agreement, however, restrain competition for employees and disrupted the normal bargaining and pricing mechanism that apply in the labor market.

18. Plaintiffs attempt to enforce an unlawful no poach agreement is facially anticompetitive because it seeks to eliminate a significant form of competition to attract skilled laborers in interstate commerce concerning the waterproofing industry. As such, it denied Defendant StayDry skilled employees as well as employees access to better job opportunities, restricted their mobility, and deprive them of competitively significant information that they could have used negotiate for better terms of employment.

19. Plaintiffs attempt to enforce a unlawful no poach agreement constitutes unreasonable restraints of trade that are per se unlawful under section 1 of the Sherman act, 15 USC section.

20. § 1337. Commerce and antitrust regulations; amount in controversy, costs states in relevant part:

(a) The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: Provided, however, That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

      Although the statute does not expressly provide for exclusive Federal jurisdiction, the courts have uniformly construed the legislation as conferring exclusive jurisdiction on the Federal courts in any action under the Sherman and Clayton Acts. (Marrese v American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379-380 [Sherman Act]; Vendo Co. v Lektro-Vend Corp., 433 U.S. 623, 632; General Inv. Co. v Lake Shore Ry., 260 U.S. 261, 287 [Sherman and Clayton Acts]; Banana Distribs. v United Fruit Co., 269 F.2d 790, 793 [Clayton Act]; Lyons v Westinghouse Elec. Corp., 222 F.2d 184, 189 [error to stay Federal action pending disposition of State proceeding under Clayton and Robinson-Patman Acts].)

21. In addition, this Federal District Court has jurisdiction pursuant to 28 USC section 1331 for the reason that it involves a significant federal issue and the jurisdiction is consistent with congressional judgment as expoused in § 1337 and concerns interstate commerce for the reason Plaintiff and Defendant StayDry engages in interstate business with customers that span 2 or more states.

22. Pursuant to 18 USC section 1446(a) a true copy and correct copy of all of the process, pleadings, wires, and documents from the state court action which have been obtained by Defendant StayDry but not served upon the Defendant StayDry are being filed with this notice of removal.

23. This notice of removal has been filed within 30 days of the date that Plaintiff filed this action. The Defendants have not yet been served with the summons and complaint. Removal is therefore timely in accordance with 28 USC section 1446 (b).

24. Venue is proper in this court pursuant to 28 USC section 1441 (a) and 1446 (a) because the US District Court for the Western District of Michigan is the federal judicial district embracing the Circuit Court for Ingham County, Michigan with the state court action was originally filed.

25. Defendant StayDry has obtained the consent of all Defendants in the state court matter for this removal as evidenced by the certificate of consent and the signatures of the other Defendants are listed below.

**WHEREFORE,** Defendant StayDry files this Notice to remove of the State Court Action from the Ingham County Circuit Court to the United States District Court for the Western District of Michigan. Plaintiff is notified to proceed no further in state court unless and until the case shall be remanded by order of this United States District Court.

Respectfully submitted,

Dated: August 13, 2018

/s/Anthony J. Szilagyi
Anthony J. Szilagyi (P56473)
**The Law Offices of Anthony J. Szilagyi, PLLC**
4600 N. Grand River Ave.
Lansing, MI 48906
(517) 4493240
Szilagyilaw@sbcglobal.net

**Certification of Consent by all Defendants to Removal**

Now comes, Defendants David Kuzava and Talal Badra and hereby consent to the removal of the action to the State of Michgian Western Federal District Court.

/s/ David Kuzava          /s/ Talal Badra
David Kuzava              Talal Badra