UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AYERS BASEMENT SYSTEMS LLC,

       Plaintiff,

                                      CASE No. 1:18-cv-907

v.

                                        HON. ROBERT J. JONKER

STAYDRY BASEMENT
WATERPROOFING INC., et al.,

       Defendants.

_____/

## **<u>ORDER</u>**

Defendants filed a Notice of Removal on August 13, 2018.  As the removing parties, the Defendants have the burden of establishing federal subject matter jurisdiction.  *See Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 948–49 (6th Cir. 1994); 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice and Procedure* § 3721 (4th ed. 2009).  They have not done and cannot do so here.

The underlying case asserts six state law causes of action, and no federal causes of action, arising out of the settlement of an earlier State Court matter.  Thus, there is no basis for federal question removal from the claims of the State Court complaint itself.  Nor does there appear to be any basis for federal diversity jurisdiction because all Defendants (according to the original State Court complaint) are citizens of Michigan, and because Plaintiff appears to be as well (though to be sure the Court would have to know the citizenship of each of the members of Plaintiff LLC, not simply the state of the LLC's incorporation).  Nor is there any indication the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction.  Moreover, even if there were in fact diversity of citizenship among the parties and a sufficient amount in controversy, a diversity

removal would still be improper under the local defendant rule because all Defendants are citizens of Michigan.  *See Chase Manhattan Mortg. Co. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007); 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.");

Defendants appear to believe they can remove based on their assertion of a defense to the State Court claims under federal anti-trust law.  Defendant may or may not have a valid federal defense.  But for removal jurisdictional purposes, a federal defense is beside the point.  This is because federal question jurisdiction is premised on the plaintiff's well-pleaded complaint. *See Chase Manhattan Mortg. Co.*, 507 F.3d at 914-15 (quoting *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986), for the proposition that "it is well settled that federal counterclaims and defenses are 'inadequate to confer federal jurisdiction[.]'").  Defendants can and must assert their federal defense in the State Court, and cannot use them as a basis for removal.

The Court would ordinarily give Defendants a chance to show cause why the case should not be remanded.  But because there are multiple defects in the removal, none of which appear subject to cure; because Defendants' asserted theory for removal is demonstrably contrary to law; and because both sides appear to believe time is of the essence in dealing with the business competition issues, the Court is immediately **REMANDING** the case to State Court based on lack of subject matter jurisdiction.  This will allow all parties to engage the merits of their dispute without further procedural delay in a Court that lacks jurisdiction.

**IT IS SO ORDERED**

Dated:   August 14, 2018             /s/ Robert J. Jonker
                                                              ROBERT J. JONKER
                                                              CHIEF UNITED STATES DISTRICT JUDGE

2